UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARNEY RIVERS,<br><br>                    Plaintiff,<br><br>           -against-<br><br>PARKCHESTER CONDOMINIUM COMPLEX; PPC RESIDENTIAL, LLC; PARKCHESTER PRESERVATION MANAGEMENT LLC; PARKCHESTER PRESERVATION COMPANY, LP,<br><br>                    Defendants. | 25-CV-363 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND SIGNATURE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Darney Rivers filed this *pro se* complaint on behalf of her sister, Adrian Oree, alleging that Defendants are discriminating against Oree based on her disabilities.[1] Rivers is listed as the sole plaintiff, and only Rivers signed the complaint and filed an application for leave to proceed *in forma pauperis* ("IFP").

As set forth below, the Court denies Rivers's request to proceed IFP, and directs Adrian Oree to complete, sign, and submit the attached application to proceed *in forma pauperis* ("IFP") and complaint signature page.

## DISCUSSION

**A.     Darney Rivers is not a proper party to this action**

The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [herself].'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir.

---

[1] Rivers asserts that Oree is legally blind and wheelchair bound. (ECF 1 at 2.)

1991)). A nonlawyer cannot bring suit on behalf of another person. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Because Rivers gives no indication that she is an attorney, she cannot assert claims on behalf of Adrian Oree, notwithstanding Oree's disabilities. Accordingly, the Court dismisses Rivers from the action and denies her request to proceed IFP. The Court directs the Clerk of Court to amend the caption of this action to replace Darney Rivers with Adrian Oree as the plaintiff. *See* Fed. R. Civ. P. 21.

**B.     Proceeding with Adrian Oree as a plaintiff**

To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. In addition, under Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").

Within thirty days of the date of this order, Adrian Oree must: (1) either pay the $405.00 in fees or submit the attached IFP application; and (2) sign and submit the signature page of the complaint. If Adrian Oree submits these documents, they should be labeled with docket number 25-CV-363.[2]

---

[2] Insofar as Oree may require assistance in litigating this matter, the City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court, and may be able to assist. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached. The CBJC is a private organization that it not part of

## CONCLUSION

The Court dismisses Darney Rivers as a plaintiff in this action, and directs the Clerk of Court to amend the caption of this action to replace Darney Rivers with Adrian Oree as the plaintiff. *See* Fed. R. Civ. P. 21.

No summons shall issue at this time. If Adrian Oree complies with this order by submitting an IFP application and complaint signature page, the case shall be processed in accordance with the procedures of the Clerk's Office. If Adrian Oree fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

Oree may receive court documents by email by completing the attached form, Consent to Electronic Service.[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: April 7, 2025
New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge

---

the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

[3] If Oree consents to receive documents by email, she will no longer receive court documents by regular mail.