USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/2/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN OREE,

Plaintiff,

-against-

PARKCHESTER CONDOMINIUM COMPLEX ET AL,

Defendants.

1:25-cv-00363-MKV

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

MARY KAY VYSKOCIL, United States District Judge:

On January 6, 2025, Plaintiff Adrian Oree, proceeding *pro se* and *in forma pauperis*, commenced this action against Defendants Parkchester Condominium Complex, PPC Residential, LLC, and Parkchester Preservation Company, LP. [ECF No. 1] (the "Complaint" or "Compl."). Inappropriately, the Complaint was initially filed and signed by a third party, Darney Rivers, on Plaintiff's behalf. The Court therefore directed the Clerk of Court to dismiss Rivers from the action and add Adrian Oree as the plaintiff under Federal Rule of Civil Procedure 21, and directed Plaintiff to sign and re-submit the signature page of the Complaint along with an IFP application made in her own name. [ECF No. 5]. Plaintiff did so. [ECF No. 6].

Thereafter, the Court issued two Orders to Show Cause concerning delays in service by Plaintiff and appearance by Defendants. [ECF Nos. 12, 16]. Eventually, at Plaintiff's prompting, [ECF Nos. 20, 21, 23, 24, 26, 27], the Clerk of Court issued Certificates of Default against Defendants, [ECF Nos. 22, 25, 28]. Defendants filed a letter lamenting the "quite confusing" "status of this matter," and requested that the Court set aside the Certificates as prematurely issued and afford Defendants additional time to answer or otherwise respond to the Complaint. [ECF No. 33] at 1. The Court granted those requests. [ECF No. 34].

Defendants twice sought extension of their deadline to file a motion to dismiss, which the Court likewise granted. [ECF Nos. 38, 40]. In response to a suggestion that Defendants intended to "submit a [Rule 12(b)(6)] motion supported by admissible, credible evidence," the Court expressly admonished them to "comply with applicable Federal Rules of Civil Procedure, Local Rules, and Individual Rules." [ECF No. 38].

The motion to dismiss has since been filed, and it does not comply with those rules. [ECF No. 43] (the "Motion"). In addition to a memorandum of law, [ECF No. 43-3] (the "Memorandum" or "Mem."), the Motion attaches seven exhibits, including Plaintiff's previously filed opposition to Defendants' request for an extension of time, [ECF No. 43-5]; Facebook photos, [ECF No. 43-9]; an affidavit of the Director of Field Operations of Parkchester South Condominium, Inc., the non-party "governing condominium association responsible for the maintenance, repair, and management of the common elements of the premises" where Plaintiff resides, [ECF No. 43-6]; and the deed to Plaintiff's apartment, [ECF No. 43-6].[1]

Plaintiff opposed, attaching extraneous materials of her own. [ECF No. 44]. In response, Defendant filed a self-styled "attorney declaration in reply," attaching an affidavit signed by the Sales Manager of a company that purports to have installed a wheelchair ramp at the relevant premises. [ECF No. 45] (citation modified).

[1] Defendants offer no support for the suggestion that these materials are appropriate for consideration on a Rule 12(b)(6) motion, instead merely advising that the Motion "may be treated as one for summary judgment pursuant to Rule 56." Mem. at 6. Nevertheless, Defendants further note that, "because this is a pro se case, the Defendants are not, pursuant to Her Honor's individual rules, the Defendants are not [sic] submitting a 56.1 statement but outlining the undisputed facts in the attorney affidavit and memorandum of law." *Id.* at 6 n.2 (citation modified). This freewheeling approach is decidedly not consistent with the Court's Individual Rules. *See* Individual R. of Prac. in Civ. Cases 5. Because Plaintiff has not received "unequivocal notice of the meaning and consequences of conversion to summary judgment," *Hernandez v. Coffey*, 582 F.3d 303, 307–08 (2d Cir. 2009) (citation modified), the Court declines to "consider[] matters outside the pleadings," *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006).

## ALLEGATIONS

Plaintiff has resided at Parkchester Condominium Complex in the Bronx for fifteen years. Compl. ¶ 4. She is legally blind and both of her legs have been amputated such that she requires a wheelchair for mobility. *Id.* Nevertheless, Parkchester Condominium Complex has failed to provide a means to access and exit the building—for example, a wheelchair ramp. Compl. ¶ 5. Plaintiff sues under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* (the "ADA"), seeking damages, costs and fees, and other just and proper relief, Compl. ¶¶ 7, 9.

## STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions," and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation modified). The Court must "liberally construe pleadings and briefs submitted by pro se litigants" and "read[ ] such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

## ANALYSIS

Plaintiff's ADA claims are untenable and must be dismissed. As relevant here, the ADA prohibits discrimination in access to public accommodations operated by private entities. *See PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). But "a residential facility, such as an apartment, is not a public accommodation under the ADA." *Kitchen v. Phipps Houses Grp. of Companies*, No. 08-cv-4296 (DC), 2009 WL 290470, at *2 n.3 (S.D.N.Y. Feb. 5, 2009), *aff'd*, 380 F. App'x

99 (2d Cir. 2010) (summary order); *see also Arrington v. MZ 2640 Owner LLP*, No. 24-cv-2528 (LTS), 2024 WL 3345954, at *2 (S.D.N.Y. July 8, 2024) ("Because an apartment is not a public accommodation, Plaintiff's allegations fail to state a claim against these Defendants under Title III of the ADA."); *Thompson v. CRF-Cluster Model Program, LLC*, No. 19-cv-1360 (KPF), 2020 WL 4735300, at *9 n.10 (S.D.N.Y. Aug. 14, 2020) ("It is well established that a residential facility, such as an apartment, is not a public accommodation under the ADA." (citation modified)); *Noe v. Ray Realty*, No. 19-cv-1455 (RA), 2020 WL 506459, at *1 n.1 (S.D.N.Y. Jan. 31, 2020) ("Plaintiff's apartment [does] not constitute a 'place of public accommodation' under Title III" of the ADA (citation modified)); *Torres v. MMS Grp. LLC*, No. 22-cv-06142 (DEH) (VF), 2025 WL 2933687, at *4 (S.D.N.Y. Jan. 27, 2025) ("The term 'public accommodation' does not include residential facilities or apartment buildings." (quoting *Burke v. Verizon Comms., Inc.*, 661 F. Supp. 3d 277, 289–90 (S.D.N.Y. 2023) (citation modified)), *report and recommendation adopted*, No. 22-cv-6142 (DEH), 2025 WL 2647699 (S.D.N.Y. Sept. 16, 2025).

Charitably construing the Complaint based on the Court's prior Order of Service, [ECF No. 8] at 1, Defendants also address potential claims under the Fair Housing Act, 42 U.S.C. §3604(b) (the "FHA"), and the New York State and City Human Rights Laws. Mem. at 13–16.[2] The FHA makes it unlawful "to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any . . . renter because of a handicap." 42 U.S.C. § 3604(f)(1) (citation modified). The FHA defines "discrimination" to include "a refusal to make reasonable

---

[2] To the extent that the Complaint could also be construed to raise a claim under Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 794(a), that claim must also fail because, "to establish a violation under the Rehabilitation Act, a plaintiff must show that the defendants receive federal funding." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003); *see also Noe v. Realty*, No. 19-cv-1455 (JHR) (RFT), 2024 WL 5508198, at *11 (S.D.N.Y. July 22, 2024) ("Plaintiff's claims under the Rehabilitation Act should also be dismissed because the Rehabilitation Act applies only to federally funded programs." (citing *Bryant v. N.Y. Educ. Dep't*, 692 F.3d 202, 216 (2d Cir. 2012)), *report and recommendation adopted sub nom. Noe v. Ray Realty*, No. 19-cv-1455 (JHR) (RFT), 2025 WL 958407 (S.D.N.Y. Mar. 31, 2025), *appeal dismissed* (June 5, 2025). Plaintiff has made no such allegation here.

accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* § 3604(f)(3)(B).

"To make a prima facie showing in support of her failure to accommodate claim, [Plaintiff] was required to give the [Defendants] an opportunity to accommodate her." *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 49 (2d Cir. 2012). Plaintiff alleges nothing to suggest that she ever requested an accommodation from Defendants. Accordingly, any FHA claim must be dismissed. *See Logan v. Matveevskii*, 57 F. Supp. 3d 234, 264 (S.D.N.Y. 2014) ("Because Plaintiff never requested an accommodation . . . , the . . . Defendants cannot be held responsible for having failed to provide one." (citation modified)).

Nevertheless, when evaluating *pro se* pleadings, a "court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999). Particularly with respect to the FHA, this does not seem inconceivable. The Court accordingly grants Plaintiff leave to amend her Complaint. This is her final opportunity to do so, and any amendment must be filed within one month of the entry of this Order. "Because the Court is granting Plaintiff leave to amend the complaint to state federal claims over which the Court has original jurisdiction, the Court will defer ruling on whether to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting." *Anderson v. Experian*, No. 19-cv-8833 (CM), 2019 WL 6324179, at *4 (S.D.N.Y. Nov. 26, 2019) (citing *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**CONCLUSION**

For the foregoing reasons, Plaintiffs Complaint is DISMISSED with leave to amend. Any amendment shall be filed on or before October 2, 2026. Should Plaintiff decline to amend her Complaint, today's dismissal is with prejudice as to her federal claims and without prejudice as to any state law claims that she may have.

**SO ORDERED.**

**Date: September 2, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**